C. O. BALDWIN ET AL *v.* PERRY L. RUSHING ET AL

73-21                                    497 S.W. 2d 668

Opinion delivered July 23, 1973
[Rehearing denied August 27, 1973.]

*Charles W. Atkinson* and *James R. Hale,* for appellants.

*Mahlon Gibson,* for appellees.

J. FRED JONES, Justice. The tax equalization board in Washington County raised the assessed valuation on a large number of parcels of real property in that county, and the property owners filed a petition in chancery court for an injunction against the tax assessor, the tax collector and the county clerk of Washington County to prevent the extension and collection of taxes as adjusted by the equalization board. Following a hearing on the merits, the petition was dismissed and the property owners have appealed.

It is apparent from the record that beginning in 1968 the equalization board in Washington County embarked upon a project of equalizing the assessed valuation of

all property in Washington County, by directing their attention to specific areas to be considered within their allotted time. They first considered the real property inside city limits and then considered real property in the rural areas outside the city limits. The appellants in the case at bar were property owners in the western portion of Washington County who were affected by the action of the equalization board for 1971.

Ark. Stat. Ann. § 84-707 (Repl. 1960) provides as follows:

"Immediately after the assessor files his report of the assessment of real and personal property in the office of the clerk of the county court as by law required, said clerk shall lay said report of the assessment before the Equalization Board, and said board shall proceed to equalize the assessed valuation thereof; and for that purpose the board shall observe the following rules:

(1) It shall raise or lower the valuation of any property to such figure as in the opinion of the board will bring about a complete equalization.

(2) In each instance where the board shall raise the valuation of any property it shall immediately there-upon notify the owner or his agent, by first class mail, of such increase. Provided, all persons present before the board, in person or by agent, at the time such increase is ordered and are there so notified shall not be entitled to further notice.

(3) Said notice shall state the valuation returned by the assessor and that fixed by the board, and shall advise the owner or his agent that he may, in person, by agent, petition or letter, apply for and receive consideration or hearing by or before said board, provided such application shall be made on or before the first Saturday next preceding the third Monday in September."

And, Ark. Stat. Ann. § 84-476 (Repl. 1960) provides:

"The appraisal and assessment shall be according to value as required by Section 5 of Article XVI of the

Constitution. The per centum of true and full market or actual value to be used in the appraisal and assessment shall be fixed and certified by the Commission as provided by subsection (c) of Section 84-103, Arkansas Statutes, 1947; provided that until and unless a budget system is adopted with provisions for eliminating excessive and illegal tax rates and expenditures, the Commission shall not fix and certify a per centum of true and full market or actual value in excess of twenty per centum (20%)."

The appellants do not question the constitutional authority for the levying and collection of ad valorem taxes on real and personal property in this case. Neither do they question that Art. XVI, § 5, of the Constitution provides that all properties subject to taxation shall be taxed according to its value; that value to be determined in such manner as the General Assembly shall direct, making the same equal and uniform throughout the state. They recognize that no species of property from which a tax shall be collected shall be taxed higher than any other species of equal value, and the appellants point out in their brief that all citizens are required to list all properties subject to taxation (Ark. Stat. Ann. §§ 84-101 and 84-420 [Repl. 1960]) and that the tax assessor under Ark. Stat. Ann. § 12-801 (Repl. 1968) and § 84-414 (Repl. 1960) is charged with the primary duty of seeing that the property in the county, subject to taxation, is properly assessed.

Under the provisions of Ark. Stat. Ann. § 84-442 (Repl. 1960) the tax assessor is still required to make a house-to-house canvass in the county to ascertain if all property has been properly listed, valued and assessed. The tax assessor is then required to file with the county collector his report of assessment of real and personal property and his report is then required by law to be laid before the equalization board which shall then proceed to equalize the assessed valuation (Ark. Stat. Ann. § 84-707 [Repl. 1960]).

For reversal the appellants first contend that the assessor and board of equalization failed to assess and equalize all property in the county as required by the Constitution of Arkansas. From the record before us, it

would appear that the appellants have just grounds for complaint as citizens and taxpayers of the county concerning the failure of the tax assessor to assess personal property in the county. The testimony indicates that large areas of personal property such as commercially operated broiler and poultry producing equipment, including large flocks of poultry, as well as cash and taxable stocks and bonds are simply not on the tax books at all, but this dereliction in the duty of the property owners as well as the tax assessing authorities, is not grounds for the relief sought by the appellants. Rather severe penalties are provided by law for such dereliction in the duties complained of by the appellants, but injunction against assessment and collection of taxes is not one of them. See Ark. Stat. Ann. §§ 84-438—440, also §§ 84-458 and 84-511 (Repl. 1960).

The appellants next contend that they as well as other owners of real property similarly situated have been denied the equal protection of law under Amendment XIV of the United States Constitution because their real property has been assessed for taxation and the assessments raised under the theory of equalization while millions of dollars in banks and savings institutions, poultry belonging to large cooperatives and canning companies, are not assessed at all. Again we find that this discrepancy should not be remedied by injunction against the assessment and collection of the appellants' taxes. It would appear that mandamus under Ark. Stat. Ann. § 84-478 (Repl. 1960) rather than injunction would be the most appropriate remedy.

The appellants next contend that there was no valid equalization board in Washington County in 1971 because the board did not consist of nine members as required by law, and the action of the purported board was entirely void. Under Ark. Stat. Ann. § 84-702 (Repl. 1960) counties having a population of less than 75,000, according to the latest federal census, are required to have three members of an equalization board to be appointed for three year staggered terms, the appointments to be made during the month of May of each odd number year. Counties having a population in excess of 75,000 are required to have nine members on the equalization board. The Washington County Equalization Board con-

sisting of three members was appointed under this statute and was so serving in 1971. It appears that by the 1970 federal census Washington County became eligible for nine members on its equalization board, but it is apparent from the testimony in the record that the county judge encountered considerable difficulty in determining whether Washington County had in fact exceeded 75,000 population under the1970 census. We are of the opinion that the exact date the county judge had notice of the county's eligibility for a nine man board is immaterial to the question involved, because we agree with the chancellor that in any event, the three member board was a de facto equalization board and its actions were not void.

As already stated, the equalization project in Washington County was commenced in 1968 and was a continuing thing. Certainly it would be reasonable to assume that the project could be completed sooner, and perhaps at less expense, with an additional six members added to the board, but the right and requirement to have a nine member board should not, and does not, nullify the work of the three member board under the circumstances of this case. See *Pennington* v. *Oliver*, 245 Ark. 251, 431 S.W. 2d 843; *Gilmore* v. *Lawrence County, Ark.*, 246 Ark. 614, 439 S.W. 2d 643.

The appellants next contend that the action of the equalization board was not an equalization of taxes but was simply an upward re-evaluation for tax purposes and the board thereby exceeded its authority. We find no merit in this contention.

Many of the appellants testified in the case at bar but we deem it unnecessary to set out their testimony. According to the testimony of each of them, their property was originally assessed far below 20% of its true market value. The record further indicates that in equalizing the assessments in Washington Cunty for 1971, the equalization board lowered approximately 28% of the assessed values while the appellants' properties fell within the approximately 72% of the assessments which were increased. It is perfectly clear from the record, that many of the property owners whose assessments were raised had owned their property for many years and their assessments had not kept pace with the increase in market values,

whereas other property recently sold and purchased was assessed on the market values as reflected by the transfer records. It is apparent that this situation resulted in the lowering of some assessment values while others were raised.

The appellants next contend that the action of the county judge in changing property assessments was wholly without lawful authority and completely void. In this connection the county judge lowered the assessment values on all the property involved under this assignment and we agree with the chancellor that the appellants are in no position to complain of the county judge's action under the petition they filed for an injunction against the assessment and collection of taxes in this case. It appears from the record on this contention, that when the equalization board had completed its work for the year and had adjourned at the end of its allotted period of time, there were many complaints, and requests for hearings, that had been filed with the equalization board and which the board was unable to hear and consider within its allotted time. The record indicates that the county judge also received separate complaints from some of the protesting appellants and that he simply mailed out letters to approximately 3,000 taxpayers advising them that their property had been reappraised, utilizing standards by the Tax Division of the Department of Coordination of the State of Arkansas, and each statement concluding as follows:

> "I have reviewed this reappraisal and in conformance with the law, have adjusted the 1971 assessed value of this property as follows. . . ."

In each of these instances it appears that the assessed value as fixed by the equalization board was lowered. Ark. Stat. Ann. § 84-708 (Repl. 1960) provides the procedure to be followed by a property owner for adjustment of assessment as changed by the equalization board, and the procedure is by appeal to the county court, and not by letter to the county judge. This statute contains a savings clause for the benefit of property owners who have not had an opportunity to appear before the equalization board in exhausting their administrative remedy before the board. We agree with the chancellor that the county judge had

no authority to lower the assessments in the manner indicated in the record before us, but we also agree with the chancellor that such void action on the part of the county judge is not grounds for injunction against the collection of taxes properly assessed.

We conclude, therefore, that the decree of the chancellor should be affirmed.

Affirmed.

FOGLEMAN, J., not participating.