The Honorable V.O. "Butch" Calhoun State Representative P.O. Box 7 Des Arc, Arkansas 72040-0007
Dear Representative Calhoun:
This opinion is being issued in response to your recent question regarding the imposition of taxes after the reappraisal of property. You have presented the following question:
 Is it legal for a county that is conducting a reappraisal over a five-year period to divide the county into five different areas and to reappraise one area each year, and then to charge the people in the reappraised area on the basis of the new appraisal, while those in the areas that have not been reappraised are taxed upon the basis of the old values?
The statutes do not address the question that you have raised, nor has the question been considered by the Arkansas courts in a published opinion.[1] This issue has been presented to the Arkansas Supreme Court on two separate occasions, but both cases were dismissed for lack of jurisdiction. See Pockrus v. Bella Vista Property Owners, 316 Ark. 468,872 S.W.2d 417 (1994); Scott County v. Frost, 305 Ark. 358,807 S.W.2d 469 (1991). The court in those cases therefore did not address (and has not since addressed) the substance of the issue that you have raised.
Because of this lack of legislative and judicial guidance, I cannot opine definitively on the issue. The matter is one that will ultimately have to be resolved either by further legislative clarification or by judicial interpretation.
Whether the matter is addressed legislatively or judicially, it is clear that the issue of fairness will be a central consideration. Indeed, in both Pockrus and Scott County, supra (where the court did not reach the merits), the plaintiffs presented the fairness issue in the form of a constitutional equal protection challenge to the same type of piecemeal taxation that you have described in your question. It might be noted that in both cases, the trial courts agreed that the piecemeal taxation violated equal protection, and granted injunctive relief.
I will also point out that the law provides some built-in fairness mechanisms. For example, Article 16, § 5 of the Arkansas Constitution provides that "[n]o one species of property for which a tax may be collected shall be taxed higher than another species of property of equal value. . . ." In order to assure the effectiveness of this constitutional requirement, the boards of equalization are given the discretion to adjust reported property values so as to avoid unjustifiable disparities in taxation. A.C.A. § 26-27-315. The boards are specifically authorized to utilize the average of the reported values of similarly-classifed property as a guideline for equalization. A.C.A. § 26-27-314.
The Arkansas Supreme Court has, in several cases, affirmed the authority of the boards of equalization to adjust reported property values in making their equalizations so as to achieve fairness in taxation. See,
e.g., Summers Chevrolet v. Yell County, 310 Ark. 1, 832 S.W.2d 486
(1992), reh. denied 1992; Gilmore v. Lawrence County, 246 Ark. 614,439 S.W.2d 643 (1969). See also Baldwin v. Rushing, 254 Ark. 1042,497 S.W.2d 668 (1973). In Summer Chevrolet, supra, the court specifically noted that taxpayers can, under the authority of Article 16, § 5,compel a reduction in their assessments so as to reflect equality and uniformity with assessment of other like property. Summers Chevrolet,310 Ark. at 7, citing State ex rel. Nelson v. Meeks,127 Ark. 349, 192 S.W.2d 202
(1917).
The foregoing statutory and judicial authorities indicate that both the legislature and the courts have considered (and likely will continue to consider) the assurance of fairness to be a central concern in formulating and evaluating the appraisal and taxation process. For this reason, it is my opinion that the issue of fairness should and will be a primary consideration in all proceedings concerning the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It should be noted that I recently opined that the "rollback" provisions of Amendment 59 can be invoked prior to the end of a multi-year reappraisal. See Op. Att'y Gen. No. 96-189. The question that gave rise to that opinion was based upon a hypothetical scenario in which it was assumed that taxation on the basis of the reappraised values could take place in a piecemeal fashion. Accordingly, the opinion was likewise based upon that assumption.