HARDING *v.* STATE.

Opinion delivered February 28, 1910.

1. HOMICIDE—INDICTMENT.—An indictment for murder in the first degree which charges that defendant did "unlawfully, feloniously, of his malice aforethought, with premeditation and deliberation kill and murder," etc., is sufficient, though the word "wilfully" is omitted. (Page 66.)

2. CRIMINAL LAW—SAVING EXCEPTIONS IN CAPITAL CASES.—Under the act of May 31, 1909, providing that upon appeal or writ of error from a conviction of a capital offense "all errors of the lower court prejudicial to the rights of the appellant shall be heard and considered by the Supreme Court, whether exceptions were saved in the lower court or not," questions as to the admission of evidence must be raised in the lower court before they can be raised in the Supreme Court. (Page 67.)

Appeal from Cross Circuit Court; *Frank Smith,* Judge; affirmed.

*M. P. Remley,* and *Mann & Rollwage,* for appellant.

1. The indictment is fatally defective. The word *wilful* is omitted, and no word substituted sufficient to charge murder in the first degree. 60 Ark. 564; 28 So. Rep. 1002; 43 La. Ann. 183; 8 So. 440; 45 La. Ann. 1182; 41 *Id.* 598; 7 So. Rep. 125; 2 S. E. 455; 11 Am. Rep. 206; 50 Tenn. 6; 76 Ark. 84; 71 *Id.* 403.

2. Incompetent testimony was admitted to the prejudice of defendant. 73 Ark. 152; 82 *Id.* 58.

3. No exceptions need be saved under the act of 1909. Acts 1909, p. 259.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

1. The indictment is good under our statutes. 60 Ark. 564; 25 *Id.* 405; 74 *Id.* 403; 76 *Id.* 84; 62 *Id.* 368.

2. No exceptions were saved to the introduction of evidence, and the act of 1909 is invalid. Elliott on App. Pro. § 7; .49 Ark. 161; 13 Cal 25; 76 Ark. 184; 14 Ore. 29; 24 So. Car. 60-75; 39 Ind. 515; Elliott, App. Pro. § 481.

BATTLE, J. Henry Harding was indicted by a grand jury of Cross County for murder in the first degree; the indictment, omitting caption, being as follows:

"The grand jury of Cross County, in the name and by the authority of the State of Arkansas, accuse Henry Harding of the crime of murder, first degree, committed as follows, towit:

"The said Henry Harding, in the county and State aforesaid, on the 10th day of October, A. D. 1909, did unlawfully, feloniously, of his malice aforethought, with deliberation and premeditation, make an assault upon J. T. Patterson with a pistol, the same then and there being loaded with gunpowder and leaden balls and being then and there had and held in the hands of him, the said Henry Harding, and did there and then unlawfully, feloniously, of his malice aforethought, with premeditation and deliberation, kill and murder him, the said J. T. Patterson, by shooting him, the said J. T. Patterson, with said pistol, against the peace and dignity of the State of Arkansas.

"T. H. Caraway, Prosecuting Attorney."

The defendant contends that the indictment is defective because the word "wilful" is omitted.

The statutes provide: "The indictment is sufficient if it can be understood therefrom:

"First. That it was found by a grand jury of a county impaneled in a court having authority to receive it, though the name of the court is not accurately stated.

"Second. That the offense was committed within the jurisdiction of the court, and at some time prior to the time of finding the indictment.

"Third. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." Kirby's Dig., § 2228.

"The words used in an indictment must be construed according to their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." Kirby's Dig., § 2242.

"The indictment must contain   *   *   *

"*Second.* A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." Kirby's Dig., § 2243.

The indictment in this case fully meets the requirements of these statutes. The words used in it are "unlawfully, feloniously, of his malice aforethought, with deliberation and premeditation." They clearly and certainly mean that the act charged was wilful. It could not have been committed in the manner charged unless it was wilful. *Aubrey* v. *State,* 62 Ark. 368; *Carroll* v. *State,* 71 Ark. 403; *Daniels* v. *State,* 76 Ark. 84; *State* v. *Peyton,* 93 Ark. 406.

The defendant was convicted of murder in the first degree. He saved no exceptions to the evidence adduced or to the instructions given. He relies on an act entitled "An act to regulate the practice in the Supreme Court," approved May 31, 1909, which is as follows:

"In all cases appealed from the circuit courts of this State to the Supreme Court, or prosecuted in the Supreme Court upon writs of error, where the appellant has been convicted in the lower court of a capital offense, all errors of the lower court prejudicial to the rights of the appellant shall be heard and considered by the Supreme Court, whether exceptions were saved in the lower court or not; and if the Supreme Court finds that any prejudicial error was committed by the trial court in the trial of any case in which a conviction of a capital offense resulted, such cause shall be reversed and remanded for a new trial, or the judgment modified, at the discretion of the court."

The Supreme Court of this State has appellate jurisdiction only, except it may issue writs of quo warranto to the circuit judges and chancellors and to officers of political corporations when the question involved is the legal existence of such corporation. Art. 7, § § 4 and 5.

The Legislature cannot add to or take from the jurisdiction vested in it by the Constitution. It cannot vest it with the jurisdiction to try capital offenses on appeal or writ of error as the circuit court. It is only for errors of that court that it has been or can be vested with jurisdiction to reverse or modify the judgments of such courts. Unless it appears that the circuit court has committed errors, this court can only affirm. As to the admission of evidence in a trial, a question as to its admissibility or competency must be presented to the circuit court by objection or otherwise for decision before it can err as to its admission, and the same is true as to the law of the case. No exception to such decision is necessary, under the act of 1909, to present it to this court for review, neither is a motion for new trial in cases in which the defendants have been convicted of capital offenses. But it must appear that the decision was made before we can find that the court erred. It is only for errors of the lower court that the act of 1909 authorizes this court to reverse or modify judgments of conviction of capital offenses. Such errors must appear in the manner indicated before such authority can be exercised. Any other jurisdiction would be original, which cannot be exercised by this court in such cases under the Constitution of this State.

We have carefully read and considered the evidence in the case, and find it amply sufficient to sustain the verdict of the jury. The instructions of the court to the jury were full, complete and comprehensive, and we find no reversible error in them.

Judgment affirmed.