## ARKANSAS DEPARTMENT OF HUMAN SERVICES and Albert MARLAR v. Dorothy ROSS-LAWHON

86-113                                                     721 S.W.2d 658

Supreme Court of Arkansas
Opinion delivered December 22, 1986

*Steve Clark*, Att'y Gen., by: *David S. Mitchell*, Asst. Att'y

Gen., for appellant.

No brief filed.

JOHN I. PURTLE, Justice. This is an appeal from a declaratory judgment rendered by the Pulaski County Circuit Court. The judgment declared Ark. Stat. Ann. § 45-440 (Repl. 1977) to be unconstitutional and void as violative of Article 7, Sections 1, 11 and 28 of the Constitution of the State of Arkansas. This statute, as amended in 1977, makes the decisions of the juvenile referee binding upon the county judge. We agree with the appellant that the Pulaski County Circuit Court did not have jurisdiction to declare the statute unconstitutional.

We have held that there are four requisite conditions before declaratory relief may be granted. The four prerequisites are: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; and (4) the issue involved in the controversy must be ripe for judicial determination. *Andres* v. *First Arkansas Development Finance Corporation*, 230 Ark. 594, 32 S.W.2d 97 (1959). In *Sebastian County Association for Retarded Citizens* v. *Board of Zoning Adjustment*, 265 Ark. 175, 577 S.W.2d 394 (1972), citing *Andres*, we stated that "a declaratory judgment is not proper to decide the legal effect of laws upon contingent and uncertain or future facts which may never occur." The danger or dilemma must already exist. A declaratory judgment cannot be granted upon speculation or remote possibilities.

This is a procedurally and factually complex case arising out of a child custody dispute. In fact this controversy has once before been in this Court. See *Dyer* v. *Ross-Lawhon*, 288 Ark. 327, 704 S.W.2d 629 (1986). The child and the mother resided in Ouachita County when the controversy commenced. The grandmother is and has been at all times a resident of Pulaski County. We examine only the issue of whether the Circuit Court of Pulaski County had the authority to declare the statute in question unconstitutional.

The Declaratory Judgment Act (Ark. Stat. Ann. § 34-2501) states in part as follows:

Courts of record *within their respective jurisdictions* shall

have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. [Emphasis added.]

The declaratory judgment act provides for courts to render judgments on matters "within their respective jurisdictions." The subject matter of a petition for declaratory judgment must be founded upon matters which are within the jurisdiction of the court in which the action is commenced.

In the present case the dispute arises out of a custody battle. The declaratory judgment act was not enacted for the purpose of allowing any and all to bring an action in a court of their choosing. The complaint in this case did not show that there was either a justiciable controversy or subject matter jurisdiction in the Pulaski County Circuit Court. Therefore, it was error for the trial court to declare this statute unconstitutional.

Reversed.