## SCOTT COUNTY, et al. *v.* Donald FROST

90-353                                    807 S.W.2d 469

### Supreme Court of Arkansas
### Opinion delivered April 29, 1991

*Winston Bryant*, Att'y Gen., by: *Frank J. Wills III*, Asst. Att'y Gen., for appellant.

*Parker and Parker*, by: *Wayland A. Parker II*, for appellee.

DAVID NEWBERN, Justice. In 1989, Scott County undertook reappraisal of property for taxation purposes to comply with Ark. Const. amend. 57. The reappraisal could not be completed prior to 1990. Donald Frost, the appellee, brought a class action in the Scott County Circuit Court to enjoin the appellants, Scott County, the Scott County Judge, Collector, and Assessor, from collecting taxes until all of the property in Scott County had been reassessed. The Assessment Coordination Division of the Arkansas Public Service Commission was later joined as a defendant.

Mr. Frost contended that only 40% to 45% of the property in the County had been reassessed and that it would violate the equal protection and due process clauses of the United States Constitution and the equal protection clause of the Arkansas Constitution if taxes were to be collected in 1990 based on the

1989 assessments. The parties stipulated that some property owners would owe taxes in 1990 on the reassessed value of their property, and others would pay at the old assessment rate.

The Circuit Court granted injunctive relief against the County on the basis of Ark. Const., art. 16, § 5(a), which requires that taxation be based on property value "equal and uniform throughout the State." The order ultimately was stayed during appeal on condition that, when collecting the tax, the County would notify members of the class of taxpayers affected that their taxes might change as a result of this case.

█ We must reverse the decision and dismiss the case because the Circuit Court lacked jurisdiction of the subject matter. County courts have "exclusive original jurisdiction in all matters relating to county taxes." Ark. Const. art. 7, § 28. While chancery courts may enjoin "illegal or unauthorized taxes and assessments," Ark. Code Ann. § 16-113-306 (1987); *McIntosh* v. *Southwestern Truck Sales*, 304 Ark. 224, 800 S.W.2d 431 (1991), we do not remand for transfer to a chancery court. Mr. Frost is not contending that his assessment is "illegal or unauthorized" but that there is a procedural flaw. We discussed the distinction in the *McIntosh* case. *See also Burgess* v. *Four States Mem. Hosp.*, 250 Ark. 485, 465 S.W.2d 693 (1971).

█ A circuit court could have jurisdiction of a taxation matter such as this, but it would be as a result of Ark. Const., art. 7, § 33, which provides for appeals to be taken from county court to circuit court. The record in this case demonstrates that Mr. Frost made no appearance before the Scott County Equalization Board from which he could then have appealed to the County Court and the Circuit Court.

Reversed and dismissed.