Everett L. YOUNG and Mary E. Young *v.* Val JAMISON, Howard County Assessor and Tax Collector

91-335                                    828 S.W.2d 831

Supreme Court of Arkansas
Opinion delivered April 20, 1992

---

*Chisenhall, Nestrud & Julian, P.A.*, by: *Charles R. Nestrud* and *Janie W. McFarlin*; and *Nichols, Wolff, & Ledbetter, P.A.*, by: *Mark W. Nichols*, for appellants.

*James C. Graves*, for appellee.

STEELE HAYS, Justice. This challenge to a tax exemption was dismissed for lack of jurisdiction by the circuit court in which the action was brought. The trial court found that the county court had exclusive jurisdiction of the subject matter. We agree with the trial court.

Appellants, Everett and Mary Young, are residents and taxpayers of Mineral Springs, Howard County, Arkansas. On June 28, 1990, they filed an action in the Circuit Court of Howard County asking for a writ of mandamus against appellee, Val Jamison, as Howard County Assessor and Tax Collector. Appellants sought the writ to direct Jamison to place the Howard Memorial Hospital on his assessment rolls as property which is nonexempt rather than as exempt, which is its present classification. Appellants alleged that the Hospital had entered into a contract with a for-profit organization to use a portion of the hospital to operate a dialysis unit. Appellants maintained the presence of the dialysis unit defeated the hospital's tax-exempt status, as the hospital was no longer used exclusively for public purposes or public charities as required by art. 16, § 5, of the Arkansas Constitution.

Jamison answered and moved to dismiss for lack of subject mater jurisdiction, contending appellants' action constituted a matter "related to county taxes" and therefore exclusive subject matter jurisdiction was vested in the county court, pursuant to art. 7, § 28, of the Arkansas Constitution. Appellants answered, denying appellee's argument and moving for summary judgment on the matter.

A consolidated hearing was held on May 1, 1991, and on

May 31, 1991, the trial court granted appellee's motion to dismiss for lack of subject matter jurisdiction. Appellants appeal from that order.

Appellants acknowledge that art. 7, § 28, of the Arkansas Constitution provides exclusive and original jurisdiction to county court in matters relating to county tax matters. The section provides:

> The *county courts shall have exclusive original jurisdiction in all matters relating to county taxes*, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concern of the respective counties. [Our emphasis.]

Appellants argue, however, that an exception to that jurisdiction has been provided by the legislature in Ark. Code Ann. § 26-61-301 (1987) which provides:

> (a)    ***
>
> (b)(1) ***
>
> (b)(2) Upon the refusal or failure of any county officer to perform any duty imposed upon him under the provisions of this subchapter [dealing with the administration of the assessment of taxes], any citizen of the county may, and the prosecuting attorney of the district including such county shall, institute in the proper court mandamus proceedings to compel the county officer to perform his duties.

But the appellants' proposed interpretation is clearly unconstitutional, as the legislature cannot alter by statute the jurisdiction granted or withheld by the Constitution. *Harding* v. *State*, 94 Ark. 65, 126 S.W. 90 (1910). Consequently the argument does not avail the appellants.

Furthermore, the cases appellants cite in support of their interpretation of this statute would not sustain original jurisdiction of county tax matters in circuit court. *See Jeffery* v. *Trevathan*, 215 Ark. 311, 220 S.W.2d 412 (1949) (and cases cited therein). Rather, those cases reflect that the issues before the circuit court were *on appeal* from county courts. This is the

190

correct procedure, of course, as we recently pointed out in *Scott County* v. *Frost*, 305 Ark. 358, 807 S.W.2d 469 (1991):

> A circuit court could have jurisdiction of a [county] taxation matter such as this, but it would be a result of Ark. Const. art. 7, § 33, which provides for appeals to be taken from county court to circuit court.

In the case before use, the appellants brought this case originally in circuit court without first having the case heard in county court. Under art. 7, § 28, of the Constitution, the circuit court had no jurisdiction and the trial court was correct in dismissing the case.

Affirmed.