Floyd G. VILLINES, III, County Judge, *et al.* *v.*
Nora HARRIS

04-568 208 S.W.3d 763

Supreme Court of Arkansas
Opinion delivered May 19, 2005

[Rehearing denied June 23, 2005.*]

---

* SPECIAL JUSTICES EDWARD MORGAN, HANI HASHEM, and ELDON COFFMAN join. CORBIN, BROWN, and IMBER, JJ., not participating.

394

*Pulaski County Attorney's Office*, by: *Karla M. Burnett* and *Amanda Mitchell*, for appellants.

*Dover Dixon Horne PLLC*, by: *Thomas S. Stone, Michael R. Johns*, and *Nona M. Morris*, for appellees.

J IM HANNAH, Chief Justice. This is an appeal from a decision of the Pulaski County Circuit Court assessing damages against Pulaski County for violation of civil rights. Based on a Pulaski County Court judgment that Pulaski County violated the civil rights of Pulaski County taxpayers under the Fourteenth Amendment to the United States Constitution, specifically under 42 U.S.C. § 1983, appellee Nora Harris asserted a right to damages in circuit court. We hold that the county court lacked subject matter jurisdiction to consider the claim of violations of the United States Constitution. Accordingly, we hold that the circuit court lacked subject-matter jurisdiction to enter a judgment based on the void judgment of the county court. We reverse and dismiss. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (3).

*Facts*

In 1994, Pulaski County was informed by the State that "the preliminary sales assessment ratio" was 17.4%, .6% less than that required by statute. Pulaski County then acted to equalize its assessments of real property by reassessing real property to bring values current.

Harris first sued in the Pulaski County Court asking that the court declare the "ordering, contracting and paying for a professional appraiser to perform the 1996 reappraisal unconstitutional and void." Harris sought relief under 42 U.S.C. § 1983, and also sought an injunction to stop the county from using the 1996 appraisal. On March 21, 1997, the Pulaski County Court entered an order declaring the 1996 appraisal unconstitutional and invalid. The county court did not issue an injunction, acknowledging its lack of authority to do so. The county did not appeal the Pulaski County Order.

The county subsequently relied on the 1996 appraisal, issued tax bills, and collected taxes based on the alleged invalid 1996 reassessment. On April 1, 1997, Harris filed a Petition for Injunction in chancery court seeking to stop the county from proceeding based on the 1996 reassessment. On July 24, 1997, the case was transferred to circuit court at the parties' request. On August 10, 1998, Harris filed a pleading captioned, "Second Amended Petition," and sought an injunction, as well as recovery of "real property taxes unlawfully collected."

On December 28, 1998, the circuit court entered an order denying the county's motion to dismiss based on a lack of subject-matter jurisdiction and granted Harris's motion for summary judgment, finding that the county illegally assessed and collected

taxes in violation of the order of the county court. In addition, the circuit court granted an injunction against the county to stop any further assessment or collection of the illegal taxes. The circuit court noted in its order that class certification was being sought, and that damages had yet to be approved. An interlocutory appeal was filed by the county, seeking review of the December 28, 1998 order. *Villines v. Harris*, 340 Ark. 319, 11 S.W.3d 516 (2000) (*Villines* I). In *Villines I,* this court declined to address any issue in the interlocutory appeal aside from the propriety of the injunction because the appeal was from an interlocutory appeal that raised only the issue of the injunction. In *Villines I,* we held that the circuit court was without authority to issue the injunction and left all other issues for a future appeal after a final order.

## Timeliness of the Appeal

 Harris asserts that the appeal must be dismissed because the notice of appeal was not filed within thirty days of the December 9, 2003, order. The December 9, 2003, order provided that, "[t]he amount of damages incurred by Petitioners is the amount of increased taxes paid by Petitioners subsequent to the invalid appraisals. . . ." This order refers to an attached letter opinion. In that letter opinion, the circuit court states that damages are yet to be assessed and that a hearing would be held in January 2004 to accomplish that. Harris argues, however, that the December 9, 2003, order was the final order. Harris relies on *Hartwick v. Hill,* 77 Ark. App. 185, 73 S.W. 3d 15 (2002) and argues that *Hartwick* stands for the proposition that an order "setting out a formula or other specifics of the amount of damages is a final appealable order. . . ." In *U.S. Bank, N.A. v. Milburn,* 352 Ark. 144, 100 S.W. 3d 674 (2003), this court discussed *Hartwick* because it had been cited by U.S. Bank in that case. Harris apparently relies upon the following statement "unlike *Hartwick,* the order at issue here set out no formula or specifics as to the amount of damages." *Milburn,* 352 Ark. at 155-E. However, we later stated in *Milburn* of *Hartwick* and other cases cited by U.S. Bank that "none of these cases . . . undermine our holdings that a judgment or order is not final and appealable if the issue of damages remains to be decided." *Milburn,* 352 Ark. at 155-E-F. We also stated in *Milburn* that "[t]he test of finality and appealability of an order is whether the order puts the court's directive into execution, ending the litigation or separable part of it." *Milburn,* 352 Ark. at 155-D. *See also Festinger v. Kantor,* 264 Ark. 275, 571 S.W.2d 82 (1978). The finality of an

order is a jurisdictional issue which this court has a duty to address." *Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 737, 19 S.W.3d 600 (2000).

"A final order is one which dismisses the parties from the court's jurisdiction, discharges them from the action, and concludes their rights in the subject matter in controversy." *Bennett v. Collier*, 351 Ark. 447, 452, 95 S.W.3d 782 (2003). "Where the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id. Hartwick* involved a landowner's claim to a roadway across a neighbor's property. The court of appeals in *Hartwick* held that a February 2, 2001, was a final appealable order. This order granted appellees Bradley and Connie Hill a roadway across Hartwick's land and ordered, among other things, that a survey be completed to establish the amount of land affected so that damages of $6000 per acre could be calculated. The amount of damages were not established until a May 10, 2001, order was entered. In *U.S. Bank, supra*, we stated that "we have on numerous occasions held that for an order to be final, it must establish the amount of damages." *U.S. Bank*, 352 Ark. at 155. To the extent that *Hartwick* is inconsistent with this opinion, it is overruled.

The December 9, 2003, order sets the amount of damages as "the amount of increased taxes paid by petitioners subsequent to the invalid appraisals . . . ." Although Harris argues that this language indicates that a final determination has been made on the issue of damages, the attached letter opinion states plainly that damages were yet to be assessed, and the February 12, 2004, Order Directing Payment of Damages is the first order that definitively sets out the damages that are to be paid and recipients of those damages. Thus, it was not until the February 12, 2004, order that there was an order that could be put into execution. The rights of the parties were not concluded in the December 9, 2003, order. The notice of appeal filed on February 20, 2004, was filed within thirty days of the February 12, 2004, order setting out payment of damages, and therefore the notice of appeal was timely.

### Subject-Matter Jurisdiction

Actions taken by a court without jurisdiction are null and void. *State v. Hatton*, 315 Ark. 583, 868 S.W.2d 492 (1994). The county court lacked subject-matter jurisdiction over claims of violation of the federal constitution, and its judgment in

that regard is null and void.[1] In the petition filed in Pulaski County Court on August 14, 1996, Harris requested that the county court:

1. Enter an order declaring Respondents acts of ordering, contracting and paying for a professional appraiser to perform the 1996 Reappraisal unconstitutional and void;

2. Enjoin the Pulaski County Assessor from using the 1996 Reappraisals; and

3. Grant a recovery of the unauthorized public funds used to pay the appraiser.

Thus, Harris sought a declaratory judgment. A declaratory judgment action does not confer subject-matter jurisdiction. *Bryant v. Picado*, 338 Ark. 227, 996 S.W. 2d 17 (1999). There must be subject-matter jurisdiction in a court before declaratory judgment may be sought. *Id.* We therefore must consider whether there was an independent basis for jurisdiction in the county court over the alleged civil rights violations.

▮▮ Harris argued in her petition to the county court that she and the citizens of Pulaski County had suffered unconstitutional deprivation of property without due process of law and deprivation of rights under 42 U.S.C. § 1983. The acts alleged to give rise to deprivation of constitutional rights did arise from taxation, and the county court is a court that has jurisdiction over specified matters, including county taxes. Jurisdiction of the county court is set out in Art. 7, § 28 of the Arkansas Constitution, which provides that county courts have exclusive original jurisdiction:

in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties.

However, no jurisdiction is provided the county court under Art. 7, § 28 for issues of deprivation of constitutional rights. Unless the

---

[1] We do not consider the question of the county court's decision regarding the county's failure to follow correct statutory procedure in hiring the private assessing firm.

constitution vests jurisdiction in the county court, the circuit court has jurisdiction. *County Bd. Election Comm'rs of Lonoke County v. Waggoner*, 190 Ark. 341, 78 S.W.2d 821 (1935). Actions for deprivation of constitutional rights are tried in circuit court. *See, e.g., Brown v. Arkansas State (HVACR) Licensing Bd.*, 336 Ark. 34, 984 S.W.2d 402 (1999). There was no jurisdiction to hear a civil rights claim in county court.

■ Because the county court lacked subject-matter jurisdiction, its order and judgment are null and void. The second amended petition in circuit court that was the subject of the motions resulting in this appeal, sought to "enforce the Orders of the Pulaski County Court . . ." Harris is basing her action in circuit court on a void order from the county court. A void judgment amounts to nothing and has no force under *res judicata. Arkansas State Highway Comm'n v. Coffelt*, 301 Ark. 112, 782 S.W.2d 45 (1990). There was no valid judgment from the county court for the circuit court to enforce regarding the claims of civil rights violations. The judgment of the circuit court is void.

CORBIN, BROWN and IMBER, JJ., not participating.

Special Justices Edward Morgan, Hani Hashem and Eldon Coffman, join.