Cite as 2020 Ark. App. 430

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-19-819

| | |
|---|---|
| DAVID L. EDDY, P.A.<br><br>APPELLANT<br><br>V.<br><br><br>JENNIFER HALEY, IN HER OFFICIAL CAPACITY AS TAX COLLECTOR OF POPE COUNTY, ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 23, 2020<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58CV-18-594]<br><br>HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE<br><br><br>APPEAL DISMISSED |

## MEREDITH B. SWITZER, Judge

David L. Eddy, P.A., appeals from the September 18, 2019 order in which the circuit court concluded that Jennifer Haley, in her official capacity as tax collector of Pope County, Arkansas, "could not willfully accept payment of general real estate taxes of a specific real property parcel without requiring the payment of the delinquent personal property taxes of the prior chain of title property owner of said real property without violating the provisions and mandates of Arkansas Code Annotated 26-35-601(a), (b), and (c)(1) [Repl. 2012]." In this appeal, Eddy contends the circuit court erred in its interpretation of section 26-35-601. In reply, Haley makes two arguments: (1) both the circuit court and now this court are without jurisdiction to hear this case, but (2) if jurisdiction is proper, the circuit court did not err in its interpretation of this statute. We hold that the circuit court was without original jurisdiction to hear this case, and we therefore dismiss this appeal.

This case was submitted to the circuit court on stipulated facts. The order of stipulated facts provides:

> The Plaintiff [David L. Eddy, P.A.] is a professional association that provides real estate closing and title insurance services in Pope County. The Plaintiff contracted to provide closing services to a third-party seller (herein the "Seller") as part of the sale of certain real property located in Pope County (herein the "Parcel") to a third-party buyer. Seller had previously purchased its ownership interest in the Parcel through a non-judicial foreclosure sale. As part of the Plaintiff's contracted services to Seller, Plaintiff was obligated to discharge the real estate taxes on the Parcel from the proceeds of the closing and attempted to do so. The Seller did not owe any delinquent personal property taxes. The Defendant [Jennifer Haley] at said time was and currently is the duly elected Tax Collector of Pope County Arkansas. Based on the Defendant's interpretation of Ark. Code Ann. 26-35-601, the Defendant would not accept payment of only the real property taxes from the Plaintiff on behalf of the Seller without the payment by the Seller of the delinquent personal property taxes of the pre non-judicial foreclosure owner of the Parcel in Seller's chain of title.

The circuit court found in favor of Haley's interpretation of section 26-35-601, and Eddy contends it erred in doing so. We are without jurisdiction to address the issue.

> Article 7, section 28 of the Arkansas Constitution provides:

> *The County Courts shall have exclusive original jurisdiction in all matters relating to county taxes*, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. The County Court shall be held by one judge, except in cases otherwise herein provided.

(Emphasis added.)

In *Scott County v. Frost*, 305 Ark. 358, 807 S.W.2d 469 (1991), our supreme court addressed a jurisdictional issue in the context of a class action that had been brought to enjoin the county's collection of property taxes until all the property in the county had been reassessed. The case originated in circuit court, which granted injunctive relief. Our supreme court reversed and dismissed the case, explaining:

2

We must reverse the decision and dismiss the case because the Circuit Court lacked jurisdiction of the subject matter. County courts have "exclusive original jurisdiction in all matters relating to county taxes." Ark. Const. art. 7, § 28. While chancery courts may enjoin "illegal or unauthorized taxes and assessments," Ark. Code Ann. § 16-113-306 (1987); *McIntosh v. Southwestern Truck Sales*, 304 Ark. 224, 800 S.W.2d 431 (1991), we do not remand for transfer to a chancery court. Mr. Frost is not contending that his assessment is "illegal or unauthorized" but that there is a procedural flaw. We discussed the distinction in the *McIntosh* case. *See also Burgess v. Four States Mem. Hosp.*, 250 Ark. 485, 465 S.W.2d 63 (1971).

A circuit court could have jurisdiction of a taxation matter such as this, but it would be as a result of Ark. Const. art. 7, § 33, which provides for appeals to be taken from county court to circuit court. The record in this case demonstrates that Mr. Frost made no appearance before the Scott County Equalization Board from which he could then have appealed to the County Court and the Circuit Court.

In *Young v. Jamison*, 309 Ark. 187, 828 S.W.2d 831 (1992), the circuit court determined it was without jurisdiction to hear a challenge to a tax exemption for a local hospital, and the supreme court affirmed on appeal. The appellants in that case recognized the jurisdictional provisions of article 7, section 28 but argued that a designated statute provided an exception. The supreme court rejected the argument, explaining that "the appellants' proposed interpretation is clearly unconstitutional, as the legislature cannot alter by statute the jurisdiction granted or withheld by the Constitution." *Young*, 309 Ark. at 189, 828 S.W.2d at 832 (citing *Harding v. State*, 94 Ark. 65, 126 S.W. 90 (1910)).

Eddy candidly acknowledges there is no precedent directly addressing its contention that county courts lack jurisdiction to interpret statutes and therefore this case properly originated in circuit court. It relies instead on *Bartlett v. Willis*, 147 Ark. 374, 227 S.W.596 (1921), and *Hutton v. McClesky*, 132 Ark. 391, 200 S.W. 1032 (1918), arguing that these two cases implicitly stand for the proposition that county courts lack jurisdiction to interpret statutes because the two cases originated in circuit court and were appealed to our supreme

3

court, with no mention of county courts and no consideration of Arkansas Constitution article 7, section 28. Similarly, Eddy cites *Villines v. Harris*, 362 Ark. 393, 208 S.W.3d 763 (2005), and argues that county-court jurisdiction is not unlimited when abstract matters relating to county taxes are concerned. In *Villines*, the petitioner argued that she and other citizens had suffered unconstitutional deprivation of property without due process of law and deprivation of rights under 42 U.S.C. section 1983. The acts alleged to give rise to the deprivation of constitutional rights arose from taxation. Our supreme court reasoned that the Arkansas Constitution did not vest jurisdiction with county court for issues involving the deprivation of constitutional rights; that unless the constitution vests jurisdiction in the county court, the circuit court has jurisdiction; that actions for deprivation of constitutional rights are tried in circuit court; and that there was no jurisdiction to hear a civil rights claim in county court.

Here, the Arkansas constitution explicitly vests jurisdiction with county courts for "all matters relating to county taxes." The stipulated facts of this case relate to county taxes. The challenge is not to the taxes themselves as illegal or unauthorized but rather to the manner in which the taxes were being collected pursuant to section 26-35-601. No constitutional issues are involved, and there is no controlling precedent that county courts are without jurisdiction to interpret statutes. Eddy's contention that *Bartlett* and *Hutton* implicitly reject county-court jurisdiction where statutory interpretation is involved stands in stark contrast to *Scott*, *supra*, and *Young*, *supra*, which directly addressed county-court jurisdiction regarding "all matters relating to county taxes" and deferred to article 7, section 28. Moreover, a declaratory-judgment action does not confer subject-matter jurisdiction;

4

there must be subject-matter jurisdiction in a court before declaratory judgment may be sought. *Bryant v. Picado*, 338 Ark. 227, 996 S.W.2d 17 (1999). We hold that this case should have originated in county court pursuant to article 7, section 28 and that the circuit court was therefore without original jurisdiction to hear it.

As our court explained in *McGraw v. Crowden*, 2018 Ark. App. 510, at 3–4, 562 S.W.3d 888, 890,

> It is well settled that the parties to an action may not confer subject-matter jurisdiction on a court. A court that acts without subject-matter jurisdiction or in excess of its jurisdiction produces a result that is void and cannot be enforced. *Moreover, when a circuit court lacks jurisdiction, we do not acquire jurisdiction on appeal*.

(Internal citations omitted and emphasis added.) Accordingly, because the circuit court lacked original jurisdiction to decide the case, its September 18, 2019 order is void. We are without jurisdiction to hear this appeal and therefore dismiss.

Appeal dismissed.

ABRAMSON and BROWN, JJ., agree.

*Streett Law Firm, P.A.*, by: *James A. Streett*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor*, *Tasha C. Taylor*, and *Tory H. Lewis*, for appellee.