Cite as 2024 Ark. 106
# SUPREME COURT OF ARKANSAS
No. CV-23-616

| | |
|---|---|
| | **Opinion Delivered:** June 6, 2024 |
| LITTLE SCHOLARS OF ARKANSAS FOUNDATION D/B/A LISA ACADEMY; AP CONSOLIDATED THEATRES II L.P.; CSRC CHARTER LISA, LLC; AND KLS LEASING LLC, ON BEHALF OF THEMSELVES AND ALL OTHERS INTERESTED<br>APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-22-7085] |
| V. | HONORABLE PATRICIA ANN JAMES, JUDGE |
| PULASKI COUNTY, ARKANSAS; DEBRA BUCKNER, IN HER OFFICIAL CAPACITY AS PULASKI COUNTY TREASURER; JANET TROUTMAN WARD, IN HER OFFICIAL CAPACITY AS PULASKI COUNTY ASSESSOR<br>APPELLEES | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellants, Little Scholars of Arkansas d/b/a LISA Academy (LISA Academy); AP Consolidated Theatres II L.P. (Consolidated); CSRC Charter LISA, LLC (CSRC), and KLS Leasing LLC (KLS) (collectively, appellants), appeal from the circuit court's order granting appellees' motion to dismiss based on a lack of subject-matter jurisdiction to hear the complaint. For reversal, appellants argue (1) that the circuit court did have subject-matter jurisdiction over their illegal-exaction claims that property used for school purposes is exempt from taxes under article 16, section 5(b) of the Arkansas Constitution; (2) that the

circuit court erroneously found that the county court had exclusive original jurisdiction of these claims pursuant to article 7, section 28 of the constitution; and (3) that appellants' declaratory-judgment claim that Ark. Code Ann. § 6-21-118 (Supp. 2023) violates the constitution does not fall within the county court's jurisdiction under article 7, section 28 and is instead within the judicial power of the circuit courts under amendment 80. Because the circuit court did not have subject-matter jurisdiction, we affirm.

LISA Academy operates ten open-enrollment public charter schools in Arkansas, including seven in Pulaski County. LISA Academy leases the property for its LISA West Middle School in Little Rock from Consolidated. LISA Academy leases the property for its LISA Academy Arkansas Hybrid School in Little Rock from CSRC. These properties are the "LISA schools." KLS owns and leases the Mitchell School in Little Rock to ScholarMade Achievement Place of Arkansas, for its open-enrollment public charter school, Ivy Hill Academy of Scholarship (both schools referred to as ScholarMade).

The appellees in this case are Pulaski County Assessor, Janet Troutman Ward; Pulaski County Treasurer, Debra Buckner; and Pulaski County, Arkansas (collectively, appellees). The Assessor is responsible for appraising and assessing all real property situated within the boundaries of the county, and in 2021, she assessed real-property taxes against the LISA schools and 2021 personal-property taxes against the ScholarMade schools. The property owner appellants requested a constitutional tax exemption under article 16, section 5 from the Assessor. After reviewing the request, she determined that appellants had not established beyond a reasonable doubt their entitlement to an exemption. KLS raised the same issue with these officials regarding an assessment for 2018 and 2019 real-property taxes against

2

the ScholarMade schools and additional properties leased to other open-enrollment public charter schools in Little Rock. After KLS sued for illegal exaction and paid the taxes under protest, appellees refunded the taxes in an agreed order in the county court.

Appellants never filed this case in the county court. On October 13, 2022, LISA Academy and its landlords filed an illegal-exaction complaint in the circuit court and then paid the 2021 taxes under protest. LISA Academy and its landlords also sought a declaration that Ark. Code Ann. § 6-21-118 is void under article 16, section 6 alleging that the statute alters the constitutional exemption for school property, and that the Pulaski County officials appeared to rely on section 6-21-118 when they assessed the 2021 taxes. KLS joined the action by an amended complaint on November 16, 2022, after paying the disputed taxes.

Appellees moved to dismiss each complaint, maintaining that appellants did not state a claim for illegal exaction and that county courts have exclusive jurisdiction over county tax matters. On May 2, 2023, appellants filed a motion for summary judgment arguing that that there was no genuine issue of material fact concerning whether the property was being used exclusively for school purposes. Appellees responded that because the lower court did not have subject-matter jurisdiction, it could not grant an order for summary judgment. In the alternative, appellees also argued that there was a genuine dispute over whether the properties were used exclusively for school purposes. The circuit court decided to consider the summary judgment motion after hearing appellees' motion to dismiss.

During the hearing on the motion to dismiss, appellees conceded that a claim for illegal exaction under article 16, section 13 is properly brought in the circuit court and is an exception to the exclusive jurisdiction of county courts over county tax matters under article

3

7, section 28. However, appellees argued that appellants had failed to state a claim for illegal exaction and that article 7, section 28 therefore required that the case be brought in the county court. Appellants responded that (1) their complaint alleges the property is used exclusively for school purposes; (2) the constitutional exemption of article 16, section 5(b) prohibits taxes on property used exclusively for school purposes; (3) appellees' taxation in this case is both unlawful and unauthorized, therefore illegal, and that the complaint states a claim for illegal exaction. Appellants then argued that appellees relied on Ark. Code Ann. § 6-21-118 to justify taxation but that the statute is void under article 16, section 6. Appellees agreed that the statute is unconstitutional but argued that its validity is not a basis for illegal exaction because section 6 is not a tax-levying statute.

Without addressing whether the complaint stated a claim for illegal exaction or the declaratory-judgment claim, the circuit court found that it did not have subject-matter jurisdiction over appellants' claims and that the county court has exclusive original jurisdiction in this matter. The circuit court entered an order dismissing the case on June 16, 2023. Appellants filed their notice of appeal on July 13, 2023.

For their first point on appeal, appellants allege that they are entitled to an exemption from assessed taxes under article 16, section 5(b) but that their request was denied and is therefore an illegal-exaction claim. We review de novo whether an illegal-exaction complaint states a claim within the jurisdiction of the circuit court. *Robinson v. Villines*, 2009 Ark. 632, 362 S.W.3d 870. A suit to prevent the collection of an illegal or unauthorized tax is an illegal-exaction suit, and subject-matter jurisdiction is concurrently in the circuit court. *Id.* Article 16, section 13 grants standing to the citizens of Arkansas to pursue an illegal-

4

exaction claim. An illegal exaction is defined as any exaction that either is not authorized by law or is contrary to law. *White v. Ark. Capital Corp./Diamond State Ventures*, 365 Ark. 200, 226 S.W.3d 825 (2006). There are two types of illegal-exaction cases: (1) "public funds" cases in which the plaintiff contends that public funds generated from tax dollars are being either misapplied or illegally spent; and (2) "illegal-tax" cases in which the plaintiff asserts that the tax itself is illegal. *Id.* Here, appellants are purporting to allege an illegal-tax claim. However, the taxes assessed in this case are ad valorem taxes, and appellants do not argue that ad valorem taxes are illegal. Instead, appellants argue that the assessed ad valorem taxes formed the basis for an illegal-tax claim.

This court has strictly adhered to the rule that, if the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie. *Hambay v. Williams*, 373 Ark. 532, 285 S.W.3d 239 (2008) (citing *Pockrus v. Bella Vista Village Prop. Owners Ass'n*, 316 Ark. 468, 872 S.W.2d 416 (1994)). A flaw in the assessment or collection procedure, no matter how serious from the taxpayer's point of view, does not make the exaction itself illegal. *Robinson*, 2009 Ark. 632, at 5–6, 362 S.W.3d at 874.

This case is similar to *Comcast of Little Rock, Inc. v. Bradshaw*, 2011 Ark. 431, 385 S.W.3d 137, in which Comcast brought an illegal-exaction suit claiming that the Arkansas Public Service Commission illegally assessed Comcast's personal property, which, according to Comcast, was exempt. We held that because Comcast did not challenge the validity of the underlying tax but instead alleged that the assessment was carried out in an illegal fashion because its property fell within a statutory exemption, it does not come within the illegal-exaction provision. *Id.* We also concluded that a lawsuit to determine whether a taxpayer's

transactions fall within a statutory exemption does not come within article 16, section 13. *Id*.

Our holding in *Bradshaw* is directly applicable here. Appellants argue that their properties are exempt under article 16, section 5, and that any assessment of their properties for ad valorem taxes is either unauthorized or illegal. As stated above, appellants do not challenge the validity of ad valorem taxes but rather the application of the assessment. Appellants attempt to distinguish this case from *Bradshaw* because *Bradshaw* is a statutory-exemption case while this case involves a constitutional exemption. However, that is a distinction without a difference. We therefore hold that this is not an illegal-exaction claim; rather, it is an assessment dispute.

Next, we turn to whether the circuit court properly found that the county court has exclusive original jurisdiction of this action under article 7, section 28. In *Young v. Jamison*, 309 Ark. 187, 828 S.W.2d 831 (1992), appellants argued that a hospital was entitled to tax-exempt status and wanted the circuit court to order the county assessor to correct the assessment rolls. The appellants filed suit in the circuit court originally, but that court dismissed their case, stating that it must first be heard in the county court and that the circuit court lacked subject-matter jurisdiction over the exemption claim. *Id*. We upheld the dismissal, finding that a dispute regarding a property exemption falls within a county court's exclusive original jurisdiction. *Id*.

As in *Young*, appellants here did not file their ad valorem tax dispute in the county court first. Because appellants failed to do so, the circuit court never gained subject-matter jurisdiction. Appellants argue that *Young* does not apply here because that case did not

6

involve an illegal-exaction claim and that the exemption complained of was the charitable exemption. As stated previously, however, this case is not an illegal-exaction dispute and exemption disputes fall within article 7, section 28, which states that county courts "shall have exclusive original jurisdiction in all matters relating to county taxes." Ark. Const. art. 7, § 28; Ark Code Ann. § 14-14-1105 (Repl. 2013). A circuit court may gain jurisdiction over a litigant's claim only after the issue is first heard in the county court and then appealed to circuit court. Ark. Const. art. 7, § 33. The appellants in this case did not follow this procedure, so the circuit court lacked subject-matter jurisdiction.

The final point on appeal concerns whether appellants' declaratory-judgment claim, that Ark. Code Ann. § 6-21-118 violates the constitution, comes within county court jurisdiction pursuant to article 7, section 28 or is instead within the judicial power of the circuit courts under amendment 80. In *Arkansas Department of Human Services v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986), it was alleged that the statute violated article 7, section 28; however, we held that the circuit court could not declare the statute unconstitutional because it lacked subject-matter jurisdiction over the claim. *Id.*

Appellants cite *Villines v. Harris,* 362 Ark. 393, 208 S.W.3d 763 (2005), in which we held that the county court lacked subject-matter jurisdiction over claims involving violations of the federal constitution. In that case, the subject matter of the petition for declaratory judgment was whether the citizens of Pulaski County had suffered unconstitutional deprivation of property without due process of law and deprivation of rights under 42 U.S.C. § 1983. *Id.* Although the acts alleged to give rise to deprivation of constitutional

7

rights did arise from taxation, the county court did not have jurisdiction to hear a civil rights claim. *Id*. That is not the case here.

Appellants seek a declaratory judgment that Ark. Code Ann. § 6-21-118 is unconstitutional because it violates article 16, section 6 by purporting to alter the constitutional exemption for school property, which appellants argue was relied on by appellees to assess the illegal 2021 taxes. As we have established, however, the county court has exclusive authority over assessment challenges. Therefore, the subject matter of appellants' petition for declaratory judgment is founded on matters within the jurisdiction of the county court, not the circuit court. *Ross-Lawhon*, 290 Ark. at 580, 828 S.W.2d at 659. A declaratory-judgment action does not confer subject-matter jurisdiction. A court must have subject-matter jurisdiction before a declaratory judgment may be sought. *Villines*, 362 Ark. at 398–99, 208 S.W.3d at 767. Additionally, declaratory-judgment statutes are intended to supplement rather than supersede ordinary causes of action. *Mid-State Constr. Co. v. Means*, 245 Ark. 691, 693, 434 S.W.2d 292, 293 (1968). Therefore, we hold that because the circuit court did not have subject-matter jurisdiction over appellants' request for declaratory judgment the court lacked subject matter jurisdiction over the assessment dispute.

Affirmed.

WOOD, J., concurs.

WOMACK, J., and Special Justice DON CURDIE dissent.

WEBB, J., not participating.

**RHONDA K. WOODE, Justice, concurring**. I join the majority opinion except for its analysis of the appellants' final point on appeal—the declaratory-judgment claim. The majority cites *Ross-Lawhon* for its support, but I disagree with how the majority interprets and applies it. If anything, I would rely on *Ross-Lawhon* for what it stands for—that is, a declaratory judgment will not lie when the controversy does not involve adverse parties.[1]

In *Ross-Lawhon*, the parties were involved in a custody/guardianship/dependency-neglect dispute that was playing out in both the juvenile court in Ouachita County and the Pulaski County Probate Court.[2] The grandmother initiated a separate declaratory-judgment action in the Pulaski County Circuit Court (this was pre-amendment 80) seeking to have a tangentially related statute declared unconstitutional.[3] On appeal, this court overturned the circuit court because "the complaint in this case did not show that there was either a justiciable controversy or subject matter jurisdiction."[4] We explained that declaratory-judgment actions require four conditions: "(1) there must exist a justiciable controversy; (2) *the controversy must be between persons whose interests are adverse*; (3) the party seeking relief must have a legal interest in the controversy; and (4) the issue involved in the controversy must

---

[1]Nor would I rely on *Mid-State Construction Co. v. Means*, 245 Ark. 691, 434 S.W.2d 292 (1968).

[2]*See Dyer v. Ross-Lawhon*, 288 Ark. 327, 704 S.W.2d 629 (1986).

[3]*Ark. Dep't of Hum. Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986).

[4]*Id*. at 580, 721 S.W.2d at 659.

be ripe for judicial determination."[5] No facts in that case suggested that the statute was in controversy.

Here, appellants pled that the appellees "unlawfully rely on Ark. Code Ann. § 6-21-118 to refuse to exempt the LISA Academy school buildings from taxation" and, as a result, the statute should be declared unconstitutional.[6] But as in *Ross-Lawhon*, appellants did not show a controversy about the statute. In their brief in response to the motion for summary judgment, appellees denied that the statute formed the basis of their decision to assess the tax:

> Defendants deny the allegation that they rely on Ark. Code Ann. § 6-21-118 to tax the disputed properties in this case. The tax being applied that the Plaintiffs' take issue with is ad valorem taxes, applied pursuant to Article 16, Section 5 of the Arkansas Constitution.[7]

Counsel for appellees repeated this at the hearing as well, stating they had no position on whether the court declared the relevant statute unconstitutional because they didn't use it.[8] The appellants' declaratory-judgment claim fails to present a controversy between two people whose interests are adverse. As we did in *Ross-Lawhon*, I would affirm the dismissal on this basis.[9] For that reason I concur.

---

[5]*Id*. at 579, 721 S.W.2d at 658 (emphasis added).

[6]Pls.' 2d Amend. Compl. ¶ 51, at RP 88.

[7]Resp. Mot. Sum. J. ¶ 3, at RP 266.

[8]RT at 46.

[9]*E.g.*, *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 955, 69 S.W.3d 393, 402 (2002) ("The trial court's decision to dismiss the claim should be affirmed as the right result, though that result was reached for the wrong reason.").

**SHAWN A. WOMACK, Justice, dissenting**.  The correct disposition of this appeal is to reverse and remand to the circuit court, where subject-matter jurisdiction exists as to both the Appellants' illegal-exaction claim and declaratory judgment claim.   This conclusion, unlike that of the majority opinion, is grounded in the text of the Arkansas Constitution.

### A. Circuit Courts Have Subject-Matter Jurisdiction to Hear Illegal Exaction Claims

In this case, the Appellants pled an illegal-exaction claim; thus, the circuit court had subject-matter jurisdiction.  Finding a lack of subject-matter jurisdiction, the majority hangs its hat on article 7, section 28 of the constitution and stare decisis.  The majority is woefully misguided.

### ii.  Article 7, Section 28 and Article 16, Section 13 Must Be Harmonized

Generally, a circuit court does not have original or subject-matter jurisdiction over claims that only challenge assessment procedures or plans employed by county assessors.[1] The reason being that such claims do not amount to an illegal exaction and thus belong in county court pursuant to article 7, section 28 of the constitution and Ark. Code Ann. §§ 26-27-317 and 26-27-318.  The plain language of article 7, section 28 expressly provides that a county court's jurisdiction is limited to *local concerns*.[2]  These local concerns encompass

---

[1]*See, e.g.*, *Pockrus v. Bella Vista Vill. Prop. Owners Ass'n*, 316 Ark. 468, 472, 872 S.W.2d 416, 418 (1994) ("Bella Vista Village effectually questions only the reassessment procedure or plan employed by the county assessor and collector as being a flawed one. Because this case does not involve a void *or illegal tax assessment*, the chancery court was without power to hear this matter." (Emphasis added.)); *see also* Ark. Const. art. 7, § 28; Ark. Code Ann. §§ 26-27-317 and 26-27-318 (Repl. 2020).

[2]The County Courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of

local tax-assessment flaws or procedural flaws that can be remedied by aggrieved taxpayers following the steps laid out in Ark. Code Ann. §§ 26-27-317 and 26-27-318. However, this is distinguishable from an illegal-exaction claim brought pursuant to article 16, section 13 of our Constitution.

Article 16, section 13 provides, "any citizen of any county, city or town may *institute suit,* in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of *any illegal exactions whatever.*"[3] As the majority correctly states, "An illegal exaction is defined as any exaction that either is not authorized by law or is contrary to law."[4] Thus, the distinguishing factor of whether article 7, section 28 or article 16, section 13 controls in a given case is whether there are allegations that the county assessor merely made a mistake in the assessment or, alternatively, allegations that the assessment itself is illegal. In the latter instance, subject-matter jurisdiction properly lies in the circuit

---

minors, the disbursement of money for county purposes, and in every other case that may be necessary to the *internal improvement and local concerns* of the respective counties." Ark. Const. art. 7, § 28 (emphasis added). *See also* Ark. Const. amend. 55, § 1 – County Powers.

[3]Ark. Const. art. 16, § 13 (emphasis added). The majority either disregards the "institute suit" language in this constitutional provision or interprets it to mean initiate a three-step appeals process. This is not proper, and the majority's discrepant interpretation destroys the plain and unambiguous language in article 16, section 13.

[4]The majority states, "An illegal exaction is defined as any exaction that either is not authorized by law or is contrary to law." The Appellants here have plainly alleged that an assessment contrary to law has taken place. This provides the circuit court with subject-matter jurisdiction. Despite this very plain statement made by the majority, the majority then engages in legal gymnastics to justify its holding that the circuit court was without subject-matter jurisdiction. This is quite baffling.

court.[5]  As explained below, this interpretation of the relevant constitutional provisions is the only way to make them a harmonious whole.[6]

### ii. The Majority Opinion is at Odds with Separation of Powers Principles

In contrast to the majority's interpretation, the correct interpretation is also supported by separation of powers principles.  The majority necessarily tasks county boards of equalization and county courts with performing a job that they are neither qualified nor authorized to perform, which is to answer constitutional questions.  State courts—not county courts—interpret the state Constitution.[7]  Requiring a county board of equalization and county court to rule on matters of constitutional interpretation violates the separation of powers.  The powers of the government of the State of Arkansas are divided into three distinct departments—legislative, executive, and judicial.  Ark. Const. art. 4, § 1.  "The judicial power is vested in the Judicial Department of state government, consisting of a Supreme Court and other courts established by this Constitution."  Ark. Const. amend. 80, § 1.  State courts consist of district courts, circuit courts, courts of appeal, and the Supreme

---

[5]*Foster v. Jefferson Cnty. Quorum Ct.*, 321 Ark. 105, 108, 901 S.W.2d 809, 810 (1995) (citing *Jones v. Clark*, 278 Ark. 119, 644 S.W.2d 257 (1983)); *see also Robinson v. Villines*, 2009 Ark. 632, at 5, 362 S.W.3d 870, 874 ("[S]ubject matter jurisdiction [lies] in circuit court" for illegal exaction claim.); *Hoyle v. Faucher*, 334 Ark. 529, 533, 975 S.W.2d 843, 845 (1998) (Circuit court has original subject matter jurisdiction to resolve "[a] suit to prevent the collection of an illegal or unauthorized tax." (Citation omitted.)).

[6] "It is the duty of this court to harmonize all provisions of the Constitution and amendments thereto and to construe them with the view of a harmonious whole." *Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC*, 2022 Ark. 140, at 4, 646 S.W.3d 99, 102. The majority's opinion does not harmonize any of the relevant provisions of our Constitution but instead creates several conflicts.

[7]*Lake View Sch. Dist. No. 25 v. Huckabee*, 358 Ark. 137, 162, 189 S.W.3d 1, 17 (2004) (Hannah, J., concurring) ("State courts . . . interpret[ing] the State Constitutions.").

13

Court.  Ark. Const. amend. 80, §§ 2, 5, 6, and 7.  County boards of equalization and county courts do not have the authority to function as if they were members of the state judicial branch and answer legal questions related to the state constitution.[8]  Indeed, no county can "exercise any authority not relating to county affairs." Ark. Const. amend. 55, § 1(b) – County Powers.  Instead, counties are limited to exercising "local legislative authority." *Id*. § 1(a).  Accordingly, it would be futile for the Appellants to engage in the administrative appeals process here because ultimately, they can only obtain adequate relief in state court.[9]

iii. The Majority Opinion is at Odds with Ark. Code Ann. §§ 26-27-317 and 26-27-318

The statutes detailing the administrative appeals process, Ark. Code Ann. §§ 26-27-317 and 26-27-318, also support my conclusion and adhere to separation of powers principles. The county board of equalization can only "make a determination based on evidence presented by the parties to either accept the valuation of the subject property set by the county assessor or raise or lower the valuation of the subject property."  Ark. Code Ann. § 26-27-317(d)(i)(E).  Likewise, the county court's role is limited to whether a taxpayer's "valuation of the property is correct." Ark. Code Ann. § 26-27-318.  Neither can usurp the powers granted to state courts and answer the questions posed by the Appellants here— (1) whether the tax assessment at issue is unconstitutional because it violates Article 16, Section

---

[8]"No person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others." Ark. Const. art. 4, § 2.

[9] Even if the majority's interpretation of Ark. Const. art. 7, § 28 and Ark. Const. art. 16, § 13 was correct (it is not), this court has held time and again that exhaustion of administrative remedies is not required where no genuine opportunity for adequate relief exists.  *Hotels.com, L.P. v. Pine Bluff Advert. & Promotion Comm'n*, 2013 Ark. 392, at 7, 430 S.W.3d 56, 61.  Here, no genuine opportunity for relief exists because a county court cannot rule on the constitutionality of the assessment that took place.

5(b) and (2) whether Ark. Code Ann. § 6-21-118 is void under Article 16, Section 6 of the Constitution.[10] Only our state courts can answer those questions.

## B. The Appellants Pled a Claim for Illegal Exaction

The Appellants sufficiently pled their claim for an illegal exaction at this stage of the proceedings. "A government-imposed exaction, regardless of its name, is illegal if it violates our Constitution, a statute, or other law."[11] Here, the Appellants claim the assessment at issue is an illegal government-imposed exaction because it violates article 16, section 5(b) of the Arkansas Constitution.[12] Appellants allege the following specific facts: (i) Appellants own school buildings and property used exclusively for school purposes; (ii) Appellees have levied and collected property taxes on the school property; and (iii) article 16, section 5 of the constitution expressly prohibits the taxes. This states a claim for illegal exaction because

---

[10]Although county courts were initially contemplated in article 7 of the constitution––the judicial article—they are not mentioned in amendment 80. In any event, it is clear that county courts and judges have a very limited role that pertains only to county matters, not state matters. *See* Ark. Const. art. 7, § 28; Ark. Const. amend. 55, § 1.

[11]*City of Fort Smith v. Merriott*, 2023 Ark. 51, at 7, 660 S.W.3d 809, 814 (Womack, J., concurring); *see also Prince v. Ark. State Highway Comm'n*, 2019 Ark. 199, at 5, 576 S.W.3d 1, 4 ("[A]n illegal exaction is . . . [an] exaction that is either not authorized by law or is contrary to law."); *Robinson v. Villines*, 2009 Ark. 632, at 6, 362 S.W.3d at 874 ("We have held that the definition of an illegal exaction is any exaction that is not authorized by or is contrary to law.").

[12]Historically, illegal-exaction claims have fallen under one of two different case types. To be clear, however, article 16, section 13 does not limit illegal exactions to these two categories of cases. The first is a "public funds" case, where the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent. *McIntosh v. Sw. Truck Sales*, 304 Ark. 224, 226, 800 S.W.2d 431, 433 (1990); *Scott Cnty. v. Frost*, 305 Ark. 358, 359, 807 S.W.2d 469, 470 (1991). The second type of illegal-exaction case, like the one here, involves illegal or unauthorized "taxes and assessments." *Id*. The Appellants' claim falls squarely into this second category of cases.

Appellants allege Appellees have collected taxes that are not authorized by and are contrary to law; hence, they are illegal. Because the Appellants have plainly pled an illegal exaction, which is sufficient to invest the circuit court with subject-matter jurisdiction at this stage of the proceedings, the circuit court must be reversed, and the case remanded on this point.

Rather than reconcile the obvious flaw in this court's jurisprudence here with the plain and unambiguous text contained in article 16, section 13, the majority invokes stare decisis. "The true irony of our modern stare decisis doctrine lies in the fact that proponents of stare decisis tend to invoke it most fervently when the precedent at issue is least defensible."[13] That is certainly the case here.

The majority mistakenly claims that article 16, section 13 requires taxpayers to challenge the legality of a tax to allege an illegal exaction occurred. This is not true. The text is clear, citizens may "institute suit . . . against the enforcement of *any illegal exactions whatever.*"[14] This court (including the majority here) has mistakenly held time and again that challenging the legality of ad valorem taxes themselves is a requirement of an illegal-exaction claim, but this rule is found nowhere in our Constitution. Rather it is a legal fiction, fabricated by this court out of whole cloth. In so doing, this court erroneously limited the scope of article 16, section 13.[15]

---

[13]*Gamble v. United States*, 587 U.S. 678, 724–25 (2019) (Thomas, J., concurring).

[14](Emphasis added).

[15]*See, e.g.*, *Hambay v. Williams*, 373 Ark. 532, 535–36, 285 S.W.3d 239, 242 (2008) ("The taxes that are the subject of this action are ad valorem taxes. Ad valorem taxes are legal in this state . . . . 'If the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie.' . . . Accordingly, *Pockrus* controls and we affirm the trial court's

This court "should not invoke stare decisis to uphold precedents that are demonstrably erroneous."[16]  This is because "stare decisis is only an 'adjunct' of our duty as judges to decide by our best lights what the Constitution means."[17]  Here, the majority's reliance on "stare decisis . . . does not comport with our judicial duty . . . because it elevates demonstrably erroneous decisions—meaning decisions outside the realm of permissible interpretation—over the text of the Constitution[.]"[18]  Accordingly, any case in which this court has mistakenly held that a taxpayer must challenge the legality of a tax itself to amount to an illegal-exaction claim, rather than claiming an assessment is illegal, should be overturned.[19]

### C. Circuit Courts have Subject-Matter Jurisdiction to Hear Declaratory Judgment Claims

In addition to their illegal-exaction claim, Appellants sought a declaratory judgment. Appellants argued below and now on appeal that the only possible basis to tax property

---

dismissal of the action for lack of subject-matter jurisdiction." (quoting *Pockrus v. Bella Vista Prop. Owners Ass'n*, 316 Ark. 468, 472, 872 S.W.2d 416, 418 (1994))).

Ironically, *Pockrus* did not eliminate a taxpayer's ability to challenge the assessment of a tax as an illegal exaction if the underlying tax was legal.  *Pockrus* 316 Ark. 468, 872 S.W.2d 416.  To the contrary, the court in *Pockrus* stated, "Because this case does not involve a *void or illegal tax assessment*, the court was without power to hear this matter." *Id.* at 472, 872 S.W.2d at 418 (emphasis added).

[16] *Gamble*, 587 U.S. at 726 (Thomas, J., concurring).

[17] *McDonald v. City of Chicago*, 561 U.S. 742, 812 (2010) (Thomas, J., concurring in part).

[18] *Gamble*, 587 U.S. at 711 (Thomas, J., concurring).

[19] Procedurally, this case is nearly identical to *Kimbrough v. Grieve*, 2024 Ark. 34, 685 S.W.3d 225 (2024).

leased to schools, Ark. Code Ann. § 6-21-118, is unconstitutional because the law attempts to expand the constitutional exemptions in violation of Article 16, Section 6 of our Constitution. Appellants thus requested a declaratory judgment that Ark. Code Ann. § 6-21-118 is void. The jurisdiction of circuit courts includes both the power to grant declaratory judgments and the power to determine the constitutionality of state statutes.[20] Accordingly, the circuit court had subject-matter jurisdiction over the declaratory judgment claim and the circuit court should be reversed and remanded on this point as well.

## D. Conclusion

In sum, the majority's decision to uphold the circuit court's dismissal for lack of subject-matter jurisdiction effectively nullifies Article 16, Section 13 of our Constitution. The purpose of this provision, as evidenced by its text, is to empower citizens to seek judicial relief from illegal exactions, like the one alleged in this case. By denying the Appellants their day in court, the majority undermines a constitutional safeguard designed to protect taxpayers from unlawful government actions. Indeed, the majority opinion's misplaced and stubborn reliance on stare decisis continues down a road of troubling precedent that stifles legitimate challenges to government overreach in the realm of tax assessments.

For these reasons, I respectfully dissent.

Special Justice DON CURDIE join this dissent.

*Kutak Rock LLP*, by: *Jess Askew II*, *Randal B. Frazier*, and *McKenzie L. Raub*, for appellants.

Pulaski County Attorney's Office, by: *Adam Fogleman*, Pulaski Cnty. Att'y; *Hamilton Kemp*, Deputy Chief Cnty. Att'y; *Frank W. LaPorte-Jenner*, Deputy Cnty. Att'y; *Dominique Lane*, Deputy Cnty. Att'y; and *Jennifer Link*, Deputy Cnty. Att'y, for appellees.

---

[20] *See, e.g.*, *Abraham v. Beck*, 2015 Ark. 80, at 2, 456 S.W.3d 744, 747.