Cite as 2024 Ark. 109

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE ADOPTION OF ARKANSAS SUPREME COURT ADMINISTRATIVE ORDER NO. 23 | **Opinion Delivered:** June 6, 2024 |

**PER CURIAM**

Pursuant to Amendment 80, section 4 of the Arkansas Constitution, the Supreme Court of Arkansas establishes Administrative Order No. 23 to clarify the inherent authority of judges to control security in their courtrooms.[1]

## Administrative Order No. 23 — Courtroom Security

All judges shall have the inherent authority to control security in their courtrooms. This includes the authority to establish rules for the safety of all who are present in the courtroom. All judges may promulgate orders regulating, restricting, or prohibiting the possession of firearms within their courtrooms and other rooms in which the court and/or its staff routinely conducts business. These areas include, but are not limited to, judicial

---

[1]The dissent contends this order departs from our recent decision in which the majority stated it would not decide "a challenge to the courtroom provision" of the statute until it is brought. *Corbitt v. Pulaski Cnty. Cir. Ct.*, 2024 Ark. 65, at 9, 686 S.W.3d 802, 809. But in this order the court does not sua sponte decide a challenge to a statute pursuant to the court's appellate jurisdiction as referenced in *Corbitt*. Rather, the court is acting through its administrative authority granted as part of its judicial powers in the Arkansas Constitution. This is different from deciding a legal challenge to a statute on appeal.

chambers, trial court assistants' offices, law clerks' offices, jury rooms, jury-assembly rooms, witness rooms, court reporters' offices, coordinators' offices, and juvenile officers' rooms. The judge shall contact local law enforcement to assist with the implementation of any plans or orders pursuant to Administrative Order No. 23.

BAKER, J., concurs.

WOMACK and WEBB, JJ., dissent.

**SHAWN A. WOMACK, Justice, dissenting**. I cannot join the court's improper adoption of Administrative Order No. 23 for two reasons. First, a majority of this court announced in April that it would not address this issue until it was properly before us in a case. And second, the General Assembly has already acted in this area designing a legislative framework on point.

The court's action in adopting Administrative Order No. 23 directly contradicts the core principle of judicial restraint. In *Corbitt v. Pulaski Cnty. Cir. Ct.*, 2024 Ark. 65, at 9, 686 S.W.3d 802, 809 (2024), a majority of the court explicitly stated that "A decision on a challenge to the courtroom provision will be considered when it is before the court, and we will not sua sponte address it now." By prematurely imposing Administrative Order No. 23, the court disregards this recent decision, undermining the integrity and consistency of our rulings. In footnote 1 of Administrative Order No. 23, the court resorts to semantic maneuvering to rationalize its reversal from *Corbitt*, yet it misses the mark entirely. This abrupt shift not only conflicts with our case law, it also disrupts the legal framework established by the General Assembly and circumvents the legislative process. It is important here to adhere to the statutes in place and respect the court's previous commitments to

2

judicial restraint, ensuring that any changes to courtroom security protocols are considered through proper legislative or judicial channels.

Next, the court claims Administrative Order No. 23 is necessary "to clarify the inherent authority of judges to control security in their courtrooms." Yet, the General Assembly has already addressed that very subject through the enactment of Arkansas Code Annotated sections 5-73-122 and 5-73-306. These statutes provide fairly comprehensive guidelines on firearm possession within public buildings, including courtrooms, making the enactment of Administrative Order No. 23 unnecessary. Ark. Code Ann. § 5-73-122(a)(1) and § 5-73-306 clearly delineate the restrictions on carrying firearms in courtrooms, with specific exemptions for law enforcement officers and certain judicial figures under defined circumstances. Specifically, section 5-73-306(B) provides, "However, nothing in this subchapter precludes a judge from carrying a concealed weapon or determining who will carry a concealed weapon into his or her courtroom." Therefore, Administrative Order No. 23 unnecessarily duplicates existing law and introduces potential conflicts and confusion regarding courtroom security protocols.

For these reasons, I respectfully dissent.

WEBB, J., joins in this dissent.

3