Cite as 2024 Ark. App. 589

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-600

| | |
|---|---|
| ISRAEL SCHWARTZ, AS EXECUTIVE TRUSTEE OF THE PURE PLACE OF THE HOLY TRUST<br><br>APPELLANT | Opinion Delivered December 4, 2024<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CV-22-156] |
| V. | |
| ROBERT SMITH AND JESSICA SMITH<br>APPELLEES | HONORABLE CHARLES A. YEARGAN, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Israel Schwartz, executive trustee of the Place of the Holy Trust, appeals the July 12, 2023 order entered by the Polk County Circuit Court that denied Schwartz's unlawful-detainer action regarding the ownership of a ten-acre tract in favor of appellees Robert Smith and Jessica Smith. We affirm.

### I. *Facts and Procedural History*

This is Schwartz's third attempt to obtain a ruling that certain property belongs to a trust of which he is trustee. Schwartz's name for the trust varies throughout the pleadings in the three lawsuits: "The Ancient Place of the Place of Holy Trust," "The Ancient Place of the Holy Trust," "The Place of the Holy Trust," and "The Pure Place of the Holy Trust" (hereinafter the "Trust").

Schwartz's first attempt was a lawsuit, case number 57CV-19-21, that Schwartz filed against Ivy Sales, as executrix of the estate of Eve Wilder and Ivy Sales; other trustees of the Place of the Holy Trust; and any person claiming any right title, estate, lien, or interest in the property in question. That lawsuit involved twenty-four acres separate from the ten acres at issue in the current case. He filed that first petition because Ivy Sales, Robert Peyton, Robert Smith, and Jessica Smith—the Smiths that are appellees in this appeal—would not acknowledge his supposed ownership of the property. Although the resulting November 15, 2019 order does not name all the defendants from that case, the Smiths were sued and hired an attorney in January 2018 to represent them in the first case. Schwartz lost the first case, purportedly because his attorney was ineffective. He did not appeal.

Schwartz's second attempt was to reopen the first case, seeking a declaration that the Trust owns the property of Eve Wilder and L.C. Wilder, deceased. The defendants in that case were Ivy Sales, as executrix of the estate of Eve Wilder; and Robert Smith, an appellee in the current case. Schwartz served the Smiths with eviction papers that included the ten acres now at issue.

In an October 26, 2021 order, the circuit court found that a 1994 deed had, in fact, transferred the original twenty-four acres to the Trust but that "[n]o other real or personal property transfers were made into the trust," effectively excepting the ten acres. The following related findings of fact and conclusions of law were included in the October 26, 2021 order:

> **Finding of Fact #1:** The 1994 deed transferred title of the 24 acres of real property to "The Place of the Holy Trust." No other real or personal property transfers were made into the trust.

**Conclusion of Law:** The Place of the Holy Trust holds title to the 24 acres of real property at issue in this matter. Petitioner's claims to the remaining personal property of the late Eve Wilder and L.C. Wilder are rejected.

**Finding of Fact #2:** The Court finds that Ivy Eve Wilder, L.C. Wilder, and Israel Yakab Schwartz purported to create a trust on November 10, 1994. The court is not persuaded that the documents presented are fraudulent even though they were carelessly drafted and ambiguous.

**Finding of Fact #3:** The trust was purported to be a "religious or charitable" trust.

**Finding of Fact #4:** The initial trustees were Ivy Eve Wilder and Israel Yakab Schwartz.

**Finding of Fact #5:** The beneficiaries of the trust at its intended inception were Ivy Eve Wilder, L.C. Wilder, and Israel Yakab Schwartz.

**Finding of Fact #6:** No matter how it was styled, the trust was an investment agreement that followed the tenets of a religious sect. It was created for private benefit—specifically for the benefit of the holders of the beneficial trust units-rather than public use.

**Authority: Restatement 2d., Trusts, Chapter 6, § 28 Comment a,** "[a] trust is not a charitable trust if the persons who are to benefit are not of a sufficiently large or indefinite class so that the community is interested in the enforcement of the trust." Furthermore, the Restatement provides that "[a] trust is not a charitable trust if the property or the income therefrom is to be devoted to private use." Clearly, the documents presented indicate that the purported trust was merely the framework for an investment agreement operating under the tenets of a religious sect.

**Conclusion of Law:** The trust failed at its inception because it was not created for a religious or charitable purpose.

**Finding of Fact #7:** Ivy Eve Wilder, L.C. Wilder and Israel Y. Schwartz are among the possible the beneficiaries. Mr. Schwartz testified that he transferred at least $20,000 into the trust. By Mr. Schwartz's own admission, the Wilders also held beneficial trust units-which were by the terms of the instrument considered as the private property of each investor-by virtue of investments made in the trust. It is

3

unclear whether others may have become beneficiaries by investment after the initial agreement.

**Authority: Restatement 2d, Trusts, Chapter 2 § 8**, if the owner of a property makes a donative transfer and manifests an intention that the transferee is to hold the property in trust, but the intended trust fails in whole or in part . . . the transferee holds the trust estate or the appropriate portion or interest therein on resulting trust for the transferor or the transferor's successors in interest[.]

**Conclusion of Law:** Since the court has found that the trust failed at its inception, a resulting trust has arisen in this case. The Place of the Holy Trust holds the 24-acre real property in trust for the known beneficiaries. The 24 acres is the only property that was transferred into the trust; therefore, no other property real or personal is held in the resulting trust. The only presently known beneficiaries of the resulting trust are (a) the heirs of Ivy Eve Wilder, (b) the heirs of L.C. Wilder, and (c) Israel Yakab Schwartz.

Schwartz filed a pro se appeal brief on April 4, 2022. The appellees moved to dismiss the appeal because Schwartz had not timely lodged the record. On June 1, 2022, we granted the appellees' motion to dismiss and held that Schwartz's pro se motion—to strike, quasi motion to dismiss—was moot.

In this third attempt, Schwartz limited his claim to the previously described ten acres. He filed that lawsuit on December 12, 2022, in case number 57CV-22-156, against the Smiths, again contending that the ten acres belong to the Trust pursuant to the 1994 document. He argued that he told the Smiths and Ivy Sales (Robert's mother) in January 2018 that the Trust owned the land. He also claimed that the Smiths had unlawfully possessed the property in question for four years as of the date of his complaint.

The circuit court held a hearing on Schwartz's newest claim on June 19, 2023. The evidence showed that the ten-acre tract is held in the Wilders' names, and the November

4

1994 deed specifically excluded those ten acres from the transfer to the Trust. Schwartz claimed that a June 23, 2022 "Aliunde Alodium Alodial Title Deed" purported to transfer the ten acres to the Trust on the basis that he is the Wilders' only heir.

Jessica Smith testified that the home and ten acres that she and her family live on belong to Ms. Sales, her mother-in-law, because Ms. Sales is executrix of Ms. Wilder's estate. Jessica further testified that the ten acres were willed to her children and that Ms. Sales is in charge of and possesses the property. Her testimony was confirmed by Ms. Wilder's last will and testament, the order appointing Ms. Sales as executrix, and letters testamentary for Ms. Sales.

The circuit court denied Schwartz's unlawful-detainer action in its July 12, 2023 order. The order specifically states that there is no valid deed transferring the ten acres to the Trust, that Schwartz is trying to quiet title to land that the Trust does not own, and that the issues he raises are barred by res judicata. The order further states that for an unlawful detainer to proceed, Schwartz had to show that he is the owner and that the Smiths were in breach of contract. The order also states that there is no deed in either Schwartz's name or the Trust's name that authorizes him to file the unlawful-detainer action. Schwartz filed a timely notice of appeal on July 17.

II. *Standard of Review*

The standard of review for bench trials is in found in Rule 52(a)(1) of the Arkansas Rules of Civil Procedure and states: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of

the evidence), and due regard shall be given to the opportunity of the circuit court to judge the credibility of the witnesses." *See also Bostic v. Stanley*, 2020 Ark. App. 365, at 5, 608 S.W.3d 907, 911. But when the issues on appeal do not involve factual questions but rather the application of a legal doctrine such as res judicata, we simply determine whether the appellees were entitled to judgment as a matter of law. *See Christian v. SWO Props., Inc.*, 2023 Ark. App. 265, at 5, 667 S.W.3d 556, 561 (citing *Linder v. Ark. Midstream Gas Servs. Corp.*, 2010 Ark. 117, 362 S.W.3d 889). A circuit court's conclusion on a matter of law is reviewed by this court de novo and given no deference on appeal. *Linder*, 2010 Ark. 117, at 5, 362 S.W.3d at 893.

III. *Discussion*

Although Schwartz fails to present cogent points on appeal, his arguments can be summed up as allegations that the 2019 and 2021 orders from the first two lawsuits were erroneous, that the Trust owns the ten acres, and that the circuit court erred in specifically finding in its July 12 order that Schwartz was "essentially trying to quiet title on land that does not belong to him, and the issues presented on June 19, 2023, are barred by reason of Res Judicata."

The purpose of res judicata is to put an end to litigation by preventing a party who has already had a fair trial on the matter from litigating it again. *See Gulley v. State ex rel. Jegley*, 2023 Ark. 70, at 6, 664 S.W.3d 421, 425. When a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id*. Res judicata bars not only the

6

relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. *Id.* There are two facets to res judicata: issue preclusion and claim preclusion. *Id.* at 6, 664 S.W.3d at 426.

The circuit court did not specify which facet of res judicata it was relying on in its order, but our review of the record shows that the finding by the circuit court that Schwartz's claims were barred by issue preclusion was supported by the evidence before it. The elements of issue preclusion, or collateral estoppel, are (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Corbitt v. Pulaski Cnty. Cir. Ct.*, 2024 Ark. 65, at 5, 686 S.W.3d 802, 806; *see also Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 581, 864 S.W.2d 244, 246 (1993).

First, the issue to be determined is the same in all three lawsuits—what property is owned by the Trust. Granted, the first suit was limited to the separate twenty-four-acre tract. But the second, related lawsuit, as Schwartz has conceded, involved the ten acres that are at issue here.

Second, the issue was litigated in the prior suits. The order in the second suit specifically held that the Trust owns no property other than the twenty-four-acre tract as determined in the first suit.

Third, the judgments in the prior suits were valid and final. Although Schwartz now contends, without a well-developed argument or supporting authority, that they were

7

incorrectly decided, there is no proof that the judgments were not valid and final. *See generally Sanders v. JLP, LLC*, 2024 Ark. App. 65, at 6, 683 S.W.3d 607, 611 ("The supreme court has stated that the failure to cite legal authority or develop a point legally or factually is sufficient to affirm the trial court's order." (citing *Williams v. Baptist Health*, 2020 Ark. 150, at 20–21, 598 S.W.3d 487, 501)).

And fourth, the determination of the Trust's property was essential to the prior judgments. All three lawsuits centered on proving what property was owned by the Trust.

In light of the foregoing analysis—and because Schwartz has failed to present a coherent, clear and convincing, compelling argument supported by relevant authority that the circuit court was clearly erroneous in finding that his claims were precluded by res judicata—we hold that the Smiths were entitled to judgment as a matter of law, and the circuit court correctly found that res judicata bars Schwartz's claims in this third lawsuit.

Affirmed.

THYER and HIXSON, JJ., agree.

*Israel Schwartz*, pro se appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellees.